UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  CV423-073 |
| | ) |
| BECHTEL CORPORATION, | ) |
| RICHMOND COUNTY | ) |
| CONSTRUCTION, SOUTHERN | ) |
| NUCLEAR OPERATING | ) |
| COMPANY, and WILLIAMS | ) |
| PLANT SERVICES, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

The District Judge stayed this case because Defendant Williams Plant Services has filed a petition in bankruptcy, and stated the Court's intent to abstain from addressing pending motions "unless or until the automatic stay pursuant to 11 U.S.C. § 362 is no longer in effect." Doc. 22 at 1. Plaintiff was directed to alert the Court to any change in the status of the bankruptcy proceeding. *Id*. at 1-2. Since the District Judge's Order entered, *pro se* plaintiff Luis Omar Alvarez has filed

multiple documents, including five motions. *See* docs. 25, 26, 29, 30, 32, 33. Those Motions are addressed below.

One of Alvarez's Motions objects that he has not received the mailed service copy of Defendant Richmond County Constructors, LLC's Reply in Support of its Motion to Dismiss, doc. 23. *See* doc. 26. The Court notes that the Certificate of Service attached to that Reply reflects that a copy was mailed to the Post Office Box address Alvarez has provided. *Compare* doc. 23 at 8, *with, e.g.,* doc. 26 at 1. Alvarez's assertion that he has "not *received* a copy" of that filing is irrelevant, doc. 26 at 2, as it is not the filing party's obligation to effect *receipt*. Under the Federal Rules, "[s]ervice [by mail] is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). As a prominent treatise summarizes: "Since [Rule 5(b)(2)(C)] expressly directs that service is complete upon mailing, nonreceipt . . . of the papers by the person to be served generally does not affect the validity of service." 4B Fed. Prac. & Proc. Civ. § 1148 (4th ed. Apr. 2023). Alvarez's request that the Court "make sure" Defendant mailed a copy of its Reply is, therefore, **DENIED**. Doc. 26. To the extent that Alvarez wishes to file a sur-reply out of time, he may request such relief, but only once the stay is lifted.

All of Alvarez's other motions express his frustration that this case is not proceeding and that defendants' respective counsel are not communicating with him. *See* doc. 25 at 3; doc. 29 at 2; doc. 30 at 4; doc. 32 at 2-3; doc. 32-1 at 4; doc. 33 at 2-3; doc. 33-1 at 4. His recent filings threaten that he "intends to file a Motion a Week from this point forward until The Honorable Court hears Plaintiff's pleads," and it appears that his threat was not idle. Doc. 32 at 3 (unedited); *see also* doc. 33 at 3 (stating that he intends to file future weekly motions on Fridays, instead of Mondays, to accommodate his work schedule). Plaintiff's motions are procedurally improper and substantively meritless, as explained in more detail below. They are, therefore, **DENIED**. Doc. 25, 26, 29, 32 & 33.

Alvarez's Motions are procedurally improper because he utterly ignores the effect of the District Judge's Order staying this case. Section 262 of the United States Bankruptcy Code states that the filing of a petition in bankruptcy "operates as a stay, applicable to all entities, of . . . the commencement *or continuation* . . . of a judicial . . . action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement" of the bankruptcy. 11 U.S.C.

§ 362(a)(1). As the United States Court of Appeals for the Third Circuit has succinctly explained:

> The stay is 'automatic' because it is triggered upon the filing of a bankruptcy petition regardless of whether the other parties to the stayed proceeding are aware that a petition has been filed. The automatic stay cannot be waived. Relief from the stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case. [Cit.] A party in interest may obtain relief from stay, pursuant to § 362(d)(1), by requesting the relief from the bankruptcy court and, after notice and a hearing, showing cause. . . . The automatic stay is of broad scope . . . . Thus, once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. . . . Once a stay is in effect, without relief from the bankruptcy court, the parties themselves cannot validly undertake any judicial action material to the claim against the debtor. *This includes the filing of motions, which are void* ab initio, *unless the bankruptcy court later grants retroactive relief.*

*Constitution Bank v. Tubbs*, 68 F.3d 685, 691-92 (3d Cir. 1995) (internal quotation marks, citations, and alterations omitted) (emphasis added); *see also, e.g., Alley Cassetty Companies, Inc. v. Wren*, 502 B.R. 609, 612-13 (N.D. Ga. 2013) (O'Kelly, J.) ("Since the automatic stay is effective against the world, regardless of notice, acts in violation of the stay are automatically void *ab initio*." (citation omitted)). Alvarez's persistent motions seeking to continue this proceeding and seeking relief from, among other parties, the debtor, were, and are, "void *ab initio*."

4

Alvarez's additional complaints that defendants' counsel will not provide him information about the status of the pending bankruptcy proceeding, *see, e.g.,* doc. 25 at 3, mistake the fundamentally adversarial nature of his case. The defendants' counsel do not have to communicate with Plaintiff *at all* unless such communication is required by the Federal Rules, *see, e.g.,* Fed. R. Civ. P. 37(a)(1), other applicable law, or specifically Ordered by the Court. Alvarez's motions suggest that such a direction was issued, *see, e.g.,* doc. 33-1 at 4 ("[It] was of utmost importance of all mentioned Attorneys to keep Mr. Alvarez informed." (unedited)). The Order does not include *any* such direction. *See generally* doc. 22. Defendant Williams Plant Services, LLC's Notice of Stay provided the case number for the bankruptcy proceeding in the District of Delaware, *see* doc. 20 at 1, and attached a copy of the filed Petition, doc. 20-1. The state of the bankruptcy proceeding is, therefore, a matter of public record. It is Alvarez's responsibility, *not any defendant's counsel's*, to keep himself apprised of the status of that proceeding to comply with the District Judge's Order.

Finally, the Court must address Alvarez's threat to file "a motion a week." As explained above, Alvarez's requests are legally frivolous, given

the effect of the bankruptcy stay. *Cf. Nietzke v. Williams*, 490 U.S. 319, 325 (1989) (claim "is frivolous where it lacks an arguable basis either in law or in fact."). Under the Federal Rules, Alvarez's signature on his various motions certified that they were "not being presented for any improper purpose . . . ," and that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b)(1)-(2). Threatening a barrage of meritless motions in order to extort an expedited response from the Court is, obviously, an "improper purpose." Alvarez's *pro se* status does not absolve him of any obligation imposed by Rule 11. *See Brown v. Consolidated Freightway*, 152 F.R.D. 656, 660 (N.D. Ga. 1993) ("The provisions of Rule 11 apply to *pro se* litigants as well as attorneys."); *see also, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure); *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable."). While the Court accepts that unfamiliarity with § 362 might render the

6

filing of a single motion reasonable, the threat to file virtually identical motions every week, without any apparent attempt to ascertain the effect of § 362, is manifestly and egregiously unreasonable, even for a *pro se* plaintiff.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Alvarez's improper filings into this case, to say nothing of his threat of future filings, are precisely the sort of conduct that this Court has the responsibility to curtail. *See id.* at 1074 ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."). To the extent that Alvarez was excusably ignorant of the effect of § 362's automatic stay, he should now be aware. This case remains **STAYED**, pursuant to the District Judge's Order, doc. 22, and 11 U.S.C. § 362.

**SO ORDERED**, this 5th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA