IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-73 |
| v. | |
| BECHTEL CORPORATION; RICHMOND COUNTY CONSTRUCTION; SOUTHERN NUCLEAR OPERATING COMPANY; and WILLIAMS PLANT SERVICES, | |
| Defendants. | |

**O R D E R**

On July 31, 2023, the Court stayed this case in light of the then-recent filing of a bankruptcy petition by Defendant Williams Plant Services in the United States Bankruptcy Court for the District of Delaware. (Doc. 22.) In that Order, the Court directed Plaintiff to "immediately notify the Court should the Bankruptcy Court grant relief from the stay . . . ." (Id. at p. 1.) Presently before the Court is a Notice filed by pro se Plaintiff Luis Omar Alvarez, alerting the Court that counsel for Williams Plant Services has provided him with a copy of an "Order Granting Relief from Automatic Stay to Motion [sic] to Permit Fixing of Claims in District Court," entered by the District of Delaware Bankruptcy Court on May 14, 2024. (Doc. 40.) Plaintiff has attached a copy of that Order, which explicitly states that "[t]he automatic stay imposed by Section 362 of the Bankruptcy Code is modified to permit the District Court in the Southern District of Georgia to proceed with a determination of the claims (if any) of Luis Omar Alvarez against Debtor Williams Plant Services, LLC in case no. 4:23-cv-00073-RSB-CLT, provided, however, that any recovery

on Mr. Alvarez's claims shall, absent further order from this Court, be paid exclusively from the proceeds of the Policy issued Beazley [sic] to Williams Industrial Services Group Inc." (Id. at pp. 1–2.)  None of the Defendants have filed any sort of response, much less voiced any objection to Plaintiff's Notice or the Bankruptcy Court Order.

Based on the Bankruptcy Court Order and the silence on the part of Defendants, there presently appears to be no reason for the bankruptcy-related stay to remain in effect.  Accordingly, the Court **DIRECTS** the Clerk of Court to **LIFT** the bankruptcy stay (which has stayed the case as a whole).  (See doc. 22.)  However, the Court's *discovery* stay, which was implemented prior to the bankruptcy stay and is to remain in effect pending the disposition of the pending motions to dismiss (at docket entries 8, 9, and 11), is not impacted by the lift of the bankruptcy stay and thus the discovery stay **REMAINS** in place.  (See doc. 19.)

**SO ORDERED**, this 18th day of June, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA